IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, individually and on behalf of others similarly situated<br><br>Plaintiff<br><br>vs.<br><br>ASPEN DENTAL MANAGEMENT, INC. and REX DIRECT NET INC.<br><br>Defendants. | Civil Case No. 2:22-cv-01234 |

## JOINT RULE 26(F) REPORT

1. **Counsel**

    A. **Lead Counsel for Plaintiff:** Anthony Paronich

    B. **Lead Counsel for Defendants:**

        a. **Aspen Dental Management, Inc.:** Samantha L. Southall, Patrick D. Doran

        b. **Rex Direct Net, Inc:** Mark T. Sophocles

    C. **All Counsel who Participated for the Plaintiff:** Anthony Paronich

    D. **All Counsel who Participated for the Defendants:**

        a. **Aspen Dental Management, Inc.:** Samantha L. Southall, Patrick D. Doran

        b. **Rex Direct Net, Inc:** Mark T. Sophocles

2. **Description of Claims and Defenses**

Mr. Perrong alleges that Rex Direct Net Inc. ("Rex Direct") sent pre-recorded telemarketing calls to the Plaintiff and putative class members in order to generate business for defendant ADMI and others, despite the fact that his number is on the National Do Not Call

Registry. Mr. Perrong and the putative class members allege that they never consented to the calls. Mr. Perrong alleges that his telephone number is on the National Do Not Call Registry and has been continuously since 2005. Mr. Perrong also alleges that Rex Direct placed two telemarketing calls to him on March 10, and 11, 2022. Both of the phone calls allegedly had the same Caller ID, 215-330-2542. Rex Direct only responded to the in-bound query before contacting the recipient.

Mr. Perrong alleges the calls with a recorded message indicating that the caller, "Dental Services," was calling to "assist [the plaintiff] with finding the local dentist that meets the [Plaintiff's] needs" and requested that the call recipient "Press 1" if they wanted to speak with a specialist to schedule an appointment. Mr. Perrong also alleges that he pressed "1" to ascertain the identity of the caller and alleges he was transferred to an automated system operated by ADMI. Mr. Perrong has brought this action on behalf of the following putative classes:

> **Robocall Class:** All persons within the United States to whom: (a) Defendants and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per the call; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.
>
> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

On November 1, 2022, the Court granted ADMI's motion to dismiss in part, dismissing Mr. Perrong's claims against ADMI (which are exclusively grounded in a theory of vicarious liability) to the extent that those claims rely on a theory of apparent authority or ratification. (Doc. No. 24 at 10-11). The evidence will show that Mr. Perrong's claims against ADMI also fail to the extent they are based on a theory of actual authority. More specifically, the evidence will show that ADMI did not make any telephone calls to Mr. Perrong or authorize anyone to make any telephone calls

to Mr. Perrong. The evidence will also show that ADMI has no relationship with Rex Direct, the entity which Mr. Perrong alleges placed the telemarking calls to him.

According to Rex Direct, Perrong is a serial TCPA claimant and just so happens to be the Claimant whose information was surreptitiously submitted as a consented to web-lead that started the factual events predicated by this case. Rex Direct at all times relevant only responded to an inbound consented to lead and did not violate the TCPA at all. Rex Direct Net, Inc. responding to an inbound web lead from a person who knew Andrew Perrong's contact information and expressly requested (i.e. consented to be called) a call back for dental services. Andrew Perrong is a law student in the Philadelphia area who regularly files suits against any potential TCPA violators for alleged violations under the TCPA see 47 U.S.C. 227 Telephone Consumer Protection Act. Rex-Direct took every reasonable action to comply with this statute and only responded to a consented to lead submission negating any violation of the TCPA. Rex Direct did not commit any TCPA violations against Perrong and therefore could not be liable to any purported class for violations that did not occur.

Mr. Perrong disputes Rex Direct's unfounded accusation that he "planted" the information that led to this lawsuit and looks forward to taking discovery related to the basis for this claim. Moreover, Mr. Perrong has repeatedly been appointed as a class representative in TCPA actions in this District

**3.    Stipulated Facts and Insurance Coverage and Deductibles**

The parties have stipulated to the following facts:

- Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.
- Defendant ADMI is a corporation that is based in New York and registered to do business in Pennsylvania.
- Defendant Rex Direct Net Inc. is a New Jersey corporation.

- Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

Neither Defendant has any applicable insurance coverage.

**4.   Anticipated Scope of Discovery**

   **A.   Summarize with specificity those issues on which the parties will need to conduct discovery. Identify categories of information each party needs in discovery and why.**

   **Plaintiff**: Plaintiff will seek discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the proposed classes so those classes can be analyzed consistent with Fed. R. Civ. P. 23 and the damages at issue can be determined for trial; (2) identification of class members so the Plaintiff can demonstrate that he can meet the ascertainability requirement; (3) Defendants' policies and procedures regarding compliance with the TCPA as that information relates to their potential vicarious or direct liability as well as the availability of certain affirmative defenses; (4) Defendants' affirmative defenses, such as any consent to make the calls at issue; (5) Defendants' negligence or willfulness regarding any TCPA violations as that impacts their potential vicarious liability and assessment of damages; (6) Defendants' relationship with any third parties that may have relevant information surrounding this matter as it could relate to their potential vicarious liability, direct liability or analysis the Plaintiff must perform under Fed. R. Civ. P. 23.

   **Defendant ADMI**: Plaintiff's claims against ADMI are exclusively grounded in vicarious liability. Moreover, consistent with the Court's decision on its motion to dismiss, discovery of ADMI should limited to whether it provided actual authority to Rex Direct to place any telephone calls to Plaintiff. ADMI will seek limited discovery on the following subjects: (1) Mr. Perrong's consent to receiving telemarketing calls by, among other things, providing his telephone number and/or contact information on various websites or voluntarily requesting that he receive calls and/or text messages from Defendants; (2) call recordings made by Mr. Perrong related to this

case; (3) Mr. Perrong's outbound calling records during the relevant time period; and (4) the lack of actual authority granted by ADMI to Rex Direct to make telemarketing calls.

**B.     Anticipated Number of Interrogatories Per Party**

**Plaintiff:** 25

**Defendant Aspen Dental:**  25

**Defendant Rex Direct:**

**C.     Anticipated Number of Depositions Per Party**

**Plaintiff:** 10

**Defendant Aspen Dental:** 3-5

**Defendant Rex Direct:  3-4**

**D.     Do the parties anticipate the need for any agreements on remote deposition protocols?**

Yes, the parties do anticipate that they will take some, if not all, depositions remotely and will work to address a protocol.

**E.     To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.**

N/A.

**F.     Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?**

Yes.

**G.     Do the parties anticipate the need for any third-party discovery? If so, identify the likely third parties and the discovery to be sought.**

Mr. Perrong only anticipates third party discovery on any third party that the Defendants used to make the pre-recorded calls at issue or any third party that the Defendants claim were involved in securing consent to make the pre-recorded calls at issue.

ADMI currently anticipates taking third party discovery from Futuredontics.

Rex Direct intends to taking third party discovery regarding the source and nature of the inbound lead that started the interaction between the Parties and the facts at issue in this case

> **H.     Do the parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine. Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts. State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.**

Mr. Perrong anticipates that he will use expert testimony to identify which pre-recorded calls were sent to cellular telephone numbers or numbers charged per the call.  Similarly, Mr. Perrong anticipates using expert witness testimony to identify which telemarketing calls were made to numbers on the National Do Not Call Registry.

ADMI and Rex Direct do not currently anticipate the need for experts because its potential liability is limited solely to whether Rex Direct had ADMI's actual authority to telephone Mr. Perrong, which ADMI denies.  If and to the extent that Mr. Perrong's experts opine on issues relating to Rex Direct or ADMI's conduct, ADMI or Rex Directr may engage a rebuttal expert. ADMI and/or Rex Direct will depose any expert disclosed by Mr. Perrong.

> **I.      Does the plaintiff expect to request attorneys fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.**

   The TCPA is not a fee-shifting statute.

> **J.      Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records.**

>   **Plaintiff:** Yes.

>   **Defendant ADMI**: Yes.

>   **Defendant Rex Direct:  Yes**

**5.     Status of Discovery**

Following the 26(f) conference, Mr. Perrong served his initial disclosures as well as a first

set of discovery to each defendant. ADMI will serve its initial disclosures on or before February 28, 2023, and will promptly serve their first sets of written discovery upon Mr. Perrong and Rex Direct. Rex Direct will prepare and send written discovery to Plaintiff and Co-Defendant next month.

**6.     Proposed Case Management Deadlines**

The deadlines are proposed below. Mr. Perrong is seeking more than 120 days in discovery in order to allow for sufficient time to meet the elements of Rule 23 and prepare his case for trial. Moreover, Mr. Perrong's suggestion begins expert discovery during the timeline permitted for fact discovery as well, so the parties will not be using the requested time only on fact discovery.

The parties are submitting a proposed schedule that will take them through deadlines for filing motions for class certification and summary judgment. The parties suggest that the Court then conduct a Rule 16 conference within 30 days following the Court's ruling on class certification and any dispositive motion filed. In addition, ADMI anticipates filing a motion for summary judgment before the close of fact discovery on the discrete issue of whether it provided actual authority to Rex Direct.

| Event | Plaintiff and Defendants' Proposal |
|---|---|
| **Time to Amend or Join Parties** | May 26, 2023 |
| **Time to Amend the Pleadings** | May 26, 2023 |
| **Initial Designation of Experts** | October 6, 2023 |
| **Designation of Rebuttal Experts** | November 10, 2023 |
| ***Daubert* Motions** | December 15, 2023 |

| Close of Discovery | December 15, 2023 |
|---|---|
| Dispositive Motions | January 22, 2024 |
| Motion for Class Certification | January 22, 2024 |

**7.      Electronic Discovery**

The parties anticipate the need for an ESI protocol and will submit one for the Court's approval.

**8.      Protective Order and Confidentiality Agreements**

The Parties have drafted and circulated a draft protective order and will submit one for the Court's approval shortly.

**9.      Alternative Dispute Resolution**

**a.      Have the parties engaged in any settlement discussions?**

Some discussions have occurred, but the Plaintiff is only interested in a class wide resolution at this time, which will require discovery.

**b.      Have the parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the parties position with respect to ADR.**

The parties are amenable to a private mediation towards the end of discovery.

**Identify the individual who will attend the Rule 16 conference.**

Samantha Southall and Patrick Doran for ADMI, Anthony Paronich for the Plaintiff and Mark Sophocles for Rex Direct.

**10.     Consent to send case to a Magistrate Judge.**

The parties have not unanimously agreed to proceed before a magistrate judge at this time.

**11.  Service by electronic means**.

The parties have consented to service of pleadings and discovery via email.

**12.  Other Matters**

None at this time.

*/s/ Anthony I. Paronich*                                      March 13, 2023
Counsel for Plaintiff
Anthony Paronich                                                  Date:
**Paronich Law, P.C.**
350 Lincoln St, Suite 2400
Hingham, MA 02043
Phone: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Pro Hac Vice*


   */s/ Samantha L. Southall*                               Date:  March 13, 2023
Matthew T. Corso (Pa. I.D. No. 73447)
Samantha L. Southall (Pa. I.D. No. 80709)
Patrick D. Doran (Pa. I.D. No. 308781)
50 South 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Tel: (215) 665-8700

*Attorneys for Defendant*
*Aspen Dental Management, Inc.*


   */s/ Mark T. Sophocles*                                   Date: March 13, 2023
Mark T. Sophocles (Pa. I.D. No. 74998)
21 Industrial Blvd Suite 201
Paoli, PA 19301
Tel: (215) 880-8825

*Attorneys for Defendant*
*Rex-Direct, Inc.*