UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>ASPEN DENTAL MANAGEMENT, INC.<br>and REX DIRECT NET, INC.,<br><br>    Defendants. | Civil Action No. 2:22-cv-01234 |

## PROTECTIVE ORDER

Plaintiff Andrew R. Perrong ("Plaintiff") and Defendants, Aspen Dental Management, Inc. ("ADMI") and Rex Direct Net, Inc. ("Rex Direct") (collectively, "Defendants" and together with Plaintiff, "the Parties"), by their respective undersigned attorneys, hereby request that this Court enter a mutual protective order ("Protective Order") based upon the parties agreeing to the following statement of good cause enunciated in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994):

  A. The Parties stipulate that the litigation in the above-captioned matter will involve discovery of (1) sensitive and, in some cases, proprietary, technical, financial, operational, or other confidential business information; (2) personal information of Plaintiff, including highly sensitive financial information and personal identification information; and (3) information that the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

B.  The Parties agree that the misuse or unnecessary dissemination of the above-identified information could cause injury to the parties in this case, as well as others who are not parties in this Action.

WHEREFORE, the Parties hereby stipulate and agree, and further request that the Court, for the above stated reasons, enter a mutual protective order, as follows:

1.  **DEFINITIONS**

(a)  "**Action**" refers to the above-captioned action: *Andrew R. Perrong v. Aspen Dental Management, Inc. and Rex Direct Net, Inc.*, Civil Action No. 2:22-cv-01234.

(b)  "**Acknowledgment**" means an executed document in the form attached as Exhibit A.

(c)  "**Protective Order**" refers to this Stipulated Protective Order.

(d)  "**Confidential**" information shall mean and refer to any Litigation Materials designated as "Confidential" by a producing party in the matter set forth in Paragraph 4 below.

(e)  "**Court**" means the United States District Court for the Eastern District of Pennsylvania.

(f)  "**Discovery Material(s)**" means any and all documents and materials, information, or things produced in discovery in this Action, including required disclosures.

(g)  "**Document(s)**," "**Litigation Material(s)**," and/or "**Discovery Material(s)**" (whether capitalized or not) are all materials within the scope of Federal Rule of Civil Procedure 34 and mean all written, recorded, electronic, coded, or graphic material, including, by way of example and not by way of limitation, all of the following: emails, papers, correspondence, reports, spreadsheets, reports, contracts, agreements, customer lists, drafts of or proposed contracts or agreements, memoranda, letters of intent, electronic data, pleadings, testimony, charts, calendars,

logs, diaries, or notes of oral communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not.

    (h)    **Litigation Materials** which may be designated as "Confidential" shall:

        i.    mean sensitive, confidential, proprietary information, or non-public personal information (*e.g.*, social security numbers) that has not been made public by the Producing Party and that the Producing Party reasonably and in good faith believes contains or comprises (1) material that is confidential pursuant to applicable law, including trade secrets, and any other materials that the Producing Party believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); (2) proprietary or otherwise sensitive non-public business information; or (3) information implicating an individual's legitimate expectation of privacy, such as personal financial information, personal identifying information of the type described in Fed. R. Civ. P. 5.2, or other personally or competitively sensitive information. The Producing Party shall, when producing materials not previously produced in another litigation and when filing material with the Court in this Litigation pursuant to Paragraph 6.(d), make a good faith assessment of whether the passage of time has eliminated the need to mark the material as "Confidential."

        ii.    include documents and information, produced in response to written discovery and/or in deposition testimony, deposition transcripts, deposition exhibits, interrogatory answers, responses to document requests and requests to admit, and other written and graphic matter, produced or compiled pursuant to the methods of discovery authorized by the Federal Rules of Civil Procedure, that a Party is producing or has produced, that contains trade secrets and other proprietary or confidential information as set forth in Paragraph 1(h)(i). (regardless of how generated, stored or maintained). All copies, summaries or extracts of any Litigation Materials designated as "Confidential" shall also constitute, and be treated as, Confidential Information as provided in this Protective Order.

    (i)    The "**Producing Party**" shall mean any party or non-party who either produces or testifies as to confidential and/or proprietary information, or who asserts a confidentiality interest in information produced or testimony given by another.

    (j)    The "**Receiving Party**" shall mean the party who receives the confidential and/or proprietary information.

2. **MATERIALS COVERED**

(a) This Protective Order shall apply to all confidential and proprietary information produced or disclosed by the Parties, including information and documents disclosed: (i) through discovery or at any hearing/trial in connection with this case; (ii) in any pleading, document, affidavit, brief, motion, transcript, or other writing in this case; or (iii) in testimony given in a deposition or hearing or trial in this case, and any copies, notes, abstracts or summaries of such information (the "Litigation Materials" or "Discovery Materials").

3. **SCOPE OF PROTECTIVE ORDER**

(a) This Protective Order governs the use, disclosure and dissemination of Discovery Material produced in this Action which is designated "Confidential" as defined herein. Such Confidential Information shall only be used by the Parties and their counsel solely for the purpose of preparing for and conducting proceedings in the Action and for no other purpose. Notwithstanding the foregoing, nothing in this Protective Order restricts a party's ability to make any use of, or disclose to any person, its own Confidential Information.

(b) This Protective Order shall not restrict the use of Confidential Information in connection with any deposition, discovery, motion, proceeding, hearing, trial or appeals in this Action except as provided herein.

4. **DESIGNATING CONFIDENTIAL INFORMATION**

(a) To designate any Documents or information produced in this Action that contain "Confidential Information," the Documents or information must state "Confidential: Subject to Protective Order" (or related language such as "Confidential Information" or "Confidential") or alternatively, separate written notice must be provided to counsel of the Parties that clearly identifies the Documents or information to be designated as "Confidential." Any Documents or

information so designated shall be treated in accordance with the provisions of this Protective Order. The failure of a Producing Party to immediately designate information or Documents as "Confidential" shall not preclude a Producing Party from making such a designation in the future. When the Producing Party designates information or Documents as "Confidential" after production to the Receiving Party, the Producing Party shall provide the Receiving Party with replacement information or Documents marked "Confidential."

(b) With respect to deposition testimony and deposition exhibits, the Parties (and deponents) may designate portions thereof as Confidential by letter from counsel to the court reporter, with copies to the Parties' counsel. Until the deposition transcript and exhibits thereto are received and for thirty (30) business days thereafter (to allow for review), the entire transcript (including exhibits) will be considered Confidential. The Parties will exercise their best efforts to designate specific page and line references subject to such protection and will not designate entire deposition as Confidential Information without prior Court approval.

5.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

(a) Nothing in this Protective Order shall be construed to alter or affect the burdens of production, proof, or persuasion, nor shall anything in this Protective Order be construed as a finding that documents or information designated as "Confidential" was properly designated as such. Any Receiving Party may object to a Producing Party's designation by specifying the documents or information in issue and the basis for questioning the designation in a written objection. If a Receiving Party objects in writing and the Producing Party does not agree to withdraw or alter the designation, the Receiving Party and the Producing Party shall first attempt to resolve the issue informally. The Receiving Party shall advise the Producing Party in writing of the objection and identify the document or material with sufficient particularity to permit the

other to identify it.  If the dispute is not resolved within ten (10) days of service of a written objection, the Producing Party may file a motion relating to the documents or information at issue.  The burden of establishing that information has been properly designated as "Confidential" is on the Producing Party.  This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials.  Pending Court Order overruling the designation (including any necessary appeal process), the information, documents or materials shall continue to be subject to and treated as designated under the terms of this Protective Order.

**6.     DISCLOSURE OF CONFIDENTIAL INFORMATION**

(a)     <u>Non-Disclosure</u>.  Except with the prior written consent of the Producing Party, or as otherwise provided under this Protective Order, no Confidential Information may be disclosed to any individual or entity, in any form whatsoever, except to those persons, and for those purposes, delineated in Sub-Paragraphs 6.(b), 6.(c) and 6.(d) of this Protective Order.  Under no circumstances may Confidential Information be used for any purpose other than for those purposes necessary to this Action only (which includes appeals).

(b)     <u>Permissible Disclosures for Confidential Information</u>.  In addition to the Parties and their respective officers, employees, and legal counsel who are actively engaged in the conduct of this Action, including persons employed by such counsel to the extent reasonably necessary to render professional services in this Action, access to and disclosure of Confidential Information shall be limited to:

    i.     the Court and such other personnel as the Court may authorize;

    ii.    court reporters and employees of court reporters engaged by counsel of record to transcribe or videotape testimony in connection with this Action;

    iii.   consultants, vendors, experts and potential expert witnesses retained by the Parties to this Action and/or their counsel for the purpose of assisting in this

        Action and the employees of said consultants, vendors, experts, and potential expert witnesses who are directly involved in assisting in this Action, subject to such person's compliance with the provisions of Sub-paragraph 6.(c);

    iv.    mediator(s)/special master(s) retained by the Parties or appointed by the Court and employees of such mediator/special master who are assisting in the conduct of the duties of the mediator/special master, subject to such person's compliance with the provisions of Sub-paragraph 6.(c);

    v.    administrators retained to assist in the administration of a settlement in this Action, subject to such person's compliance with the provisions of Sub-paragraph 6.(c);

    vi.    Persons shown on the face or metadata of the Document to have authored or received it, or from whose files the Document was produced;

    vii.    Any current employee of the Producing Party, or any witness designated to testify as a Rule 30(b)(6) witness on behalf of the Producing Party;

    viii.    any other person agreed to in writing by the Producing Party, subject to such person's compliance with Sub-paragraph 6.(c).

    (c)    <u>Acknowledgment</u>.  Before those applicable persons described in Sub-paragraph 6.(b) above may be permitted access to any materials or information designated as "Confidential" or in accordance herewith, he/she shall have first read this Protective Order and shall have executed the attached as Exhibit A.  Counsel for the Party disclosing Confidential Information to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgements signed by them.

    (d)    <u>Disclosure to the Court</u>.  Confidential Information shall not be filed with the Court except where reasonably necessary in connection with any motion, hearing, conference, proceeding, trial or appeal in this Action.  If counsel for any Party to this Action determines to file with, or submit to, the Court (other than at hearing) (a) any Confidential Information, or (b) any pleading or other Document making any reference to the specific content of Confidential Information, if no Party objects, the filing Party will file an uncontested motion for an order

permitting filing under seal with the Court in accordance with current procedures and requirements for seeking such filings. In the event a Party objects to such a filing under seal, the Party seeking to make such filing shall seek, upon proper notice to the other Party, leave of Court to do so.

**7.     CUSTODY AND SAFEKEEPING OF CONFIDENTIAL INFORMATION**

(a)     Counsel for a Receiving Party shall be responsible for taking appropriate precautions to preserve the confidentiality of the Confidential Information, maintaining custody of it.

(b)     The duplication of Confidential Information shall be limited to what is reasonably necessary for this Action.

(c)     In the event that any Receiving Party is served with a subpoena, notice, or request to produce such information by any person, entity or government agency who or which is not a signatory to this Protective Order, the Party receiving such subpoena, notice, or request, shall immediately notify the Producing Party in writing to enable the Producing Party to take whatever steps it deems appropriate to protect the Confidential Information.

**8.     RIGHT TO CLAIM CONFIDENTIALITY PRESERVED**

(a)     To the extent that the Parties, their counsel, representatives working on this Action, or retained consultants or experts must openly attest to or introduce Confidential Information into evidence, such use shall not constitute a waiver of the right to claim that such information is confidential, and the Confidential Information shall be held in confidence by any persons who have access to this information by virtue of their involvement in this Action, including, but not limited to, those persons listed above in Paragraph 6.

(b)     The inadvertent or unintentional disclosure of Documents not designated "Confidential" at the time of disclosure, shall not be deemed a waiver in whole or in part of any

claim of confidentiality, either as to the specific Documents disclosed or as to any other Documents relating thereto or on the same or related subject matter.

(c) No Party is required, however, to treat any such Documents as Confidential Information unless and until designated as "Confidential" pursuant to the terms of this Protective Order.

(d) Should any Confidential Information be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this Protective Order, then the disclosing person shall promptly (i) identify the recipient and the circumstances of the unauthorized disclosure and (ii) use best efforts to bind the recipient to the terms of this Protective Order.

(e) In addition, counsel who learns of such unauthorized disclosure or breach shall (to the extent consistent with applicable ethical canons and/or rules) immediately give notice of such unauthorized disclosure or breach to the other counsel of record and disclose the circumstances of the unauthorized disclosure or breach.

(f) No Confidential Information shall lose its status as Confidential Information if disclosed to a person not authorized to receive it under this Protective Order.

9. **INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

(a) The Parties agree that when a disclosure of Documents and materials containing privileged information is made in this Action, the disclosure does not operate as a waiver in this Action or any other federal, state or arbitration proceeding if: (i) the disclosure was inadvertent; (ii) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (iii) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

(b)     Inadvertent production of privileged information must be handled as follows, which the Parties agree constitute "reasonable steps" under this Protective Order:

> i. In the event (1) that received documents or information appears to the Receiving Party on its face to constitute privileged information or (2) immediately upon receiving notice from the Producing Party that privileged information has been inadvertently produced, the Receiving Party must, except to the extent necessary to challenge the privilege claim, not review, copy or otherwise disseminate the privileged information, nor may it disclose their substance. In addition, the Receiving Party must immediately return the privileged information and/or certify they destroyed such information.
>
> ii. If the Receiving Party believes it has a good-faith basis for challenging the privilege or other claim, counsel for the Receiving Party must provide counsel for the Producing Party with a written explanation of the good-faith basis for its belief that the inadvertently produced documents or materials are not privileged information.
>
> iii. Counsel for the Producing Party must respond in writing to the Receiving Party's counsel's timely challenge to the privilege claim after receipt of the challenge.
>
> iv. In the event the Parties cannot agree as to the privilege status of the inadvertently produced documents or materials, the matter shall be submitted to the Court for resolution.

(c)     The Receiving Party will not be deemed in breach of this section for any use or disclosure of any privileged information if, and only if, (i) the received documents or materials do not appear on their face to constitute privileged information or (ii) immediately upon receiving notice from the Producing Party that privileged information has been inadvertently produced, the Receiving Party complies with the procedures set forth in this Protective Order.

## 10.     INTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION AND LIMITATION OF WAIVER

(a)     The Parties agree that when a disclosure of privileged information is made in this Action, and it is determined by the Parties or a court of competent jurisdiction that this disclosure waives the attorney-client privilege or work-product protection, the waiver will only extend to

undisclosed documents or materials pursuant to Fed. R. Evid. 502(a) if (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

(b)     The Parties agree that where there is an intentional disclosure of privileged information, waiver of the attorney-client privilege and/or work product protection is limited to this Action and only to the privileged information contained in those documents and materials actually disclosed.

**11.    NON-TERMINATION**

(a)     Upon request by counsel for the Producing Party, all Confidential Information supplied by the Parties, and all copies thereof, including any supplied to the Parties' consultants or expert witnesses, shall be returned to counsel for the Producing Party within thirty (30) days of the termination of this Action.  The "termination date" of this Action shall mean the date upon which this Action is settled and discontinued or a final order or judgment is finally affirmed on appeal or review, or, by lapse of time or otherwise, is not subject to appeal or review.

(b)     Notwithstanding anything contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and work product, including pleadings, briefs and memoranda that are claimed to contain Confidential Information.  Such materials shall remain subject to this Protective Order, which shall survive the termination date.

**12.    ADMISSIBILITY AND DISCOVERABILITY**

Nothing in this Protective Order shall be construed to be an admission of relevance or to affect, in any way, the admissibility or discoverability of any documents, testimony or other evidence in the Action.  This Protective Order is without prejudice to the right of any party to bring

before the Court at any time the question of whether any particular information is or is not admissible or discoverable.

13. **OTHER RELIEF**

Nothing in this Protective Order shall prevent a party from applying to the Court for relief therefrom, from applying to the Court for modification of the Protective Order, or from seeking additional or different protections for Confidential Information.

14. **TRIAL OR HEARINGS**

The parties contemplate that procedures for the treatment and use of "Confidential" documents and information at trial or other hearings before the Court will be addressed in a separate order, but no such documents shall be made public.

15. **CONFIDENTIAL INFORMATION OF THIRD PARTIES**

This Protective Order does not address, authorize, or require a Producing Party to disclose Confidential Information regarding third parties where such disclosure is barred by statute, rule, regulation, common law, or written agreement.

16. **MODIFICATION OF THIS PROTECTIVE ORDER**

The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.  This Protective Order is without prejudice to the right of any Producing Party to seek relief from the Court, upon good cause shown, from, or to seek to modify, any of the provisions contained herein.  This Protective Order is also without prejudice to the right of any Producing Party to assert that certain confidential business information should be protected from disclosure altogether, which assertion shall be made through motion practice should the discharge of meet- and-confer obligations by the parties fail to resolve any dispute regarding the assertion.  In the event that any party in this Action seeks a court order that in any way seeks to vary the terms of this Protective Order, said Party must

make such request in the form of a written stipulation, or noticed motion to all Parties that must be served and filed in accordance with the local rules.  This Protective Order may be amended by way of a proposed Consent Order agreed to by the Parties and subject to the Court's approval and entry, or, if the Parties do not consent, by way of motion filed and served in accordance with the local court rules, or as otherwise directed by the Court.

**17.     PRIVILEGED AND PROTECTED INFORMATION**

This Protective Order does not authorize or require a Producing Party to disclose documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege, work product protection, and joint defense or common interest privilege.

**18.     BINDING**

This Protective Order is binding on the Parties to the Action and their attorneys, successor attorneys, personal representatives, executors, administrators, special administrators, legal representatives, assigns, subsidiaries, divisions, employees, and agents.

**19.     SURVIVAL**

This Protective Order and the Court's jurisdiction to enforce it shall survive the termination of the Action and shall continue in full force and effect thereafter.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| **PARONICH LAW, P.C.** | **BUCHANAN INGERSOLL & ROONEY PC** |
| By: */s/ Anthony Paronich* <br> Anthony Paronich (*pro hac vice*) <br> 350 Lincoln St., Suite 2400 <br> Hingham, MA 02043 <br> Tel.: (617) 485-0018 <br> Fax: (508) 318-8100 <br> anthony@paronichlaw.com | By: */s/ Samantha L. Southall* <br> Matthew L. Corso (Pa. I.D. No. 73447) <br> Samantha L. Southall (Pa. I.D. No. 80709) <br> Patrick D. Doran (Pa. I.D. No. 308781) <br> Two Liberty Place <br> 50 S. 16th Street, Suite 3200 <br> Philadelphia, PA 19102 <br> Tel.: 215-665-8700 <br> Fax: 215-665-8760 <br> matthew.corso@bipc.com <br> samantha.southall@bipc.com <br> patrick.doran@bipc.com |

**BOWER LAW ASSOCIATES, PLLC**

By:  */s/ Jeremy C. Jackson*
Jeremy C. Jackson
403 South Allen Street, Suite 210
State College, PA 16801
Tel: (814) 234-2626
Fax: (814) 237-8700
jjackson@bower-law.com

*Counsel for Plaintiff Andrew R. Perrong*

*Counsel for Defendant*
*Aspen Dental Management, Inc.*

**MARK T. SOPHOCLES, ESQ.**

By: */s/ Mark T. Sophocles*
Mark T. Sophocles
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Tel.: (215) 880-8825
mark.sophocles@verizon.net

*Counsel for Defendant*
*Rex Direct Net, Inc.*

**APPROVED BY THE COURT:**

_/s/ John F. Murphy_____
**HON. JOHN F. MURPHY, U.S.D.J.**

Date: March 30, 2023

## Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>    Plaintiff,<br><br>  v.<br><br>ASPEN DENTAL MANAGEMENT, INC.<br>and REX DIRECT NET, INC.,<br><br>    Defendants. | Civil Action No. 2:22-cv-01234 |

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, 2023, in the above Action and that he/she understands the terms thereof and agrees to be bound by such terms.

Dated: _____  Signature: _____

                   Print Name: _____