**MARK THOMAS SOPHOCLES, LLC**
**By: Mark Thomas Sophocles, Esquire**
**Attorney I.D. # 74998**
**21 Industrial Boulevard, Suite 201**
**Paoli, PA  19301**
**Tel. (610) 651-0105**
**Fax (610) 651-0106**

**ATTORNEY FOR DEFENDANT**
**REX DIRECT NET, INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **ANDREW R. PERRONG** | : CIVIL ACTION |
| Plaintiff, | : |
| **v.** | : NO. 22-1234 |
| | : |
| **ASPEN DENTAL MANAGEMENT, INC.,** | : |
| **REX DIRECT NET, INC.** | : |
| Defendants. | : |

## DEFENDANT REX DIRECT NET, INC.
## RESPONSES TO REQUEST FOR INTERROGATORIES OF
## CO-DEFENDANT, ASPEN DENTAL MANAGEMENT, INC.

Answering Defendant, Rex Direct Net, Inc., by and through their attorney Mark T. Sophocles, Esquire hereby submit Defendants, Responses to Interrogatories of Co-Defendant, Aspen Dental Management, Inc. as follows:

a)       Any objection as to competency, relevancy, materiality and admissibility of evidence, for any purpose in any subsequent proceeding(s) or the trial of this action, for any of the answers or the subject matter thereof;

b)       The right to object to the use of any said answers, or the subject matter thereof, in any subsequent proceeding(s) or at the trial of this action, on any ground;

c)       The right to object on any ground at any time for a demand for further response(s) to these or to other discovery requests, interrogatories or any other discovery procedures involving

## GENERAL OBJECTIONS

The following objections form part of Answering Defendant answers to each interrogatory. They are set forth here to avoid the unnecessary repetition of restating them for each individual answer. For purposes of clarity, the objections may be specifically referred to by number in response to certain interrogatories. Failure to specifically incorporate an objection, however, shall not be construed as a waiver of it with respect to any interrogatory.

1.      Answering Defendant objects to the Interrogatories to the extent that they seek to impose an obligation on it greater than that provided by the Pennsylvania Rules of Civil Procedure.

2.      Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or information or documents containing the conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of its attorneys, or the mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics concerning the pending litigation. Answering Defendant also objects to the Interrogatories to the extent that they seek disclosure of confidential and/or proprietary business information. Answering Defendant further objects to the Interrogatories to the extent that they seek information or documents that are privileged or otherwise immune or protected from disclosure.

3.      Answering Defendant objects to the Interrogatories to the extent that they seek information or documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Answering Defendant objects to the Interrogatories to the extent that they are unduly burdensome, overly broad, vague and/or ambiguous.

5.      Answering Defendant objects to the Interrogatories to the extent that they seek to require Answering Defendant to identify or set forth information contained in documents that Answering Defendant will be providing or have provided to the Plaintiff. The request that Answering Defendant set forth detailed information in connection with produced documents would impose an unreasonable burden and expense on Answering Defendant.

6.      Answering Defendant objects to the Interrogatories to the extent that they are not limited in time or not limited to the relevant time period during which the incidents that are the subject of the lawsuit occurred on the grounds that they are overly broad, unduly burdensome, and oppressive, and seek information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

7.      Answering Defendant objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information already in Plaintiffs knowledge, possession and/or control.

8.      Answering Defendant objects to the Interrogatories to the extent that they request it to speculate or provide information not in its possession, custody, or control.

9.      Answering Defendant reserves the right to supplement these responses.

## INTERROGATORY RESPONSES

1.      Identify each person who provided the information to answer interrogatories in this case and specify the interrogatories about which each such person provided information.

**Jennine Rexon (President) and Vito Tonkonog (Vice President), c/o Mark Thomas Sophocles, LLC.**

2.      Identify all employees or vendors involved in making outbound calls promoting your goods and services. This includes, but is not limited to, (a) third parties that you contract with who make telemarketing calls or provide leads (b) the dialing system platform or provider used to make those calls.

**Defendant objects to this interrogatory to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior**

express written consent to be contacted, including Plaintiff. Any information requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Defendant shall respond to this interrogatory as if it relates only to employees and vendors who made outbound calls to Plaintiff.

None.

3.      Identify and describe the work of each employee or vendor.

Defendant objects to this interrogatory to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any information requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Without waiver of said objection, Rex Direct generates calls via multiple marketing channels and sells them to agencies and end buyers based automated call routing rules. Not all end buyers have a direct relationship to Rex Direct.

4.      Identify all third parties or sub-vendors used by your vendors to for you.

Defendant objects to this interrogatory to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any information requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Furthermore, this interrogatory is harassing to the extent it requires Defendant to contact each and every vendor to acquire a list of sub-vendors from each one. Nothing in the rules of civil procedure obligates Defendant to obtain said information that lies outside of its control. Such information is not relevant to any claim or defense. The burden of compiling the necessary information to respond to this interrogatory outweighs any benefit.

Defendant shall respond to this interrogatory as if it relates only to third-parties through which Defendant obtained Plaintiff's prior express written consent.

One of the ways Rex Direct generated calls for dental services was by purchasing qualified, opt-in, TCPA compliant leads from website owners. The site the lead was generated from was called sunsweepstakes.com owned by Vistol LLC. The campaign for the site placement was brokered to Rex Direct by an agency called Digital Viking.

5.      Identify each of the individuals that spoke with Plaintiff from your company or any of its vendors.

**None.**

6.      If you contend that Plaintiff provided consent to receive solicitation telephone calls, state all facts in support of that contention and identify the date(s) on which and the means by which you contend consent was obtained.

**Plaintiff or someone on behalf of Plaintiff submitted an in-bound (www) web-based lead after confirming his interest in the website's advertised services (i.e. for dental services). and clicked affirmatively acknowledging that he submitted the lead because he started the relationship by requesting services, thus consenting to be called.**

**See also responses to interrogatories 4 and 9.**

7.      If you claim a different company sent the communications at issue in this lawsuit other than you, identify them and all facts in support of the fact that they sent the communications.

**Rex Direct under the brand DBA Dental Services US sent the communication after receiving the opt-in lead.**

8.      Identify by make, model, structure and location the system(s), platform(s), and/or equipment used by you, or any vendor, used to contact the Plaintiff.

**Answering Defendant built its own proprietary dialing system using its own skills, knowledge and experience that is proprietary in nature and is a trade secret. This system is comprised of component parts from and using Twillio to frame out its dialing system. The system is TCPA compliant. The system was built in house to ensure full control over the lead-to-call process for compliance and consumer experience reasons.**

9.      State all facts in support of any affirmative defenses you have raised.

**Defendant objects to this interrogatory as overbroad and vague to the extent Defendant cannot possibly know "all facts" that support any affirmative defenses raised at this stage in litigation. Defendant further objects to the extent its affirmative defenses speak for themselves and need no further clarification.**

**Without waiving said objections, Defendant further clarifies the following:**

**At the time the lead in question was placed, the sunsweepstakes.com site was not actively promoted/advertised. That means the person that entered the lead deliberately found the site on their own and entered a lead organically. There were only 38 leads generated by this site for the dental campaign. Of those 38 leads, 37 were entered and sent real time to Rex Direct in August and September of 2021. There were 5 impressions (not necessarily unique impressions) and only 1 lead on March 10th, 2022. This lead is the one currently in question.**

This one lead entered on March 10th, 2022 was an anomaly.  Given this fact and only 38 leads were generated overall by this website for this entire campaign, it clearly stands to reason that there are no systemic TCPA violations at issue here in regard to any of the actions of Answering Defendant.

There is no "class" or "putative class" as falsely alleged by Plaintiff because Answering Defendant has not committed any TCPA violations or serial TCPA violations, has not engaged in any systemic pattern of TCPA non-compliance and specifically at all relevant times acted in compliance requiring Trusted Form and/or Journaya for all contacted leads. Answering Defendant reserves every right to amend and supplement this response during discovery.

10.    Identify any person (whether employed by you or not) whom you have disciplined, reprimanded, or taken similar action against for engaging in, facilitating, or allowing allegedly unlawful or unauthorized outbound calls using a recorded message to occur. In your answer, please identify all persons involved in any investigation, describe the reasons for your disciplinary action or reprimand, and describe the action taken against the person.

**None.**

11.    In response to which (if any) requests for production in this case have you produced no responsive documents?

**Defendant objects to this interrogatory as it is not a proper subject of Fed. R. Civ. P. 26(b). The interrogatory does not relate to any fact, or the application of law to fact, and is therefore inappropriate. Such information may be obtained from a review of Defendant's Responses to Plaintiff's Request(s) for Production.**

Mark Thomas Sophocles, LLC
Mark T. Sophocles, Esquire
Pa. ID No: 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Phn: 610-651-0105
Fax: 610-651-0106
mark@marksophocles.com
**ATTORNEY FOR DEFENDANT**
*REX DIRECT NET, INC.*

**MARK THOMAS SOPHOCLES, LLC**
By: Mark Thomas Sophocles, Esquire
Attorney I.D. # 74998
21 Industrial Boulevard, Suite 201
Paoli, PA  19301
Tel. (610) 651-0105
Fax (610) 651-0106

**ATTORNEY FOR DEFENDANT
REX DIRECT NET, INC.**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| **ANDREW R. PERRONG** | : |
| **Plaintiff,** | : |
| **v.** | : NO. 22-1234 |
| | : |
| **ASPEN DENTAL MANAGEMENT, INC.,** | : |
| **REX DENTAL NET INC., REX DIRECT NET, INC.** | : |
| **Defendants.** | : |

### DEFENDANT REX DIRECT NET, INC.'S
### RESPONSE TO PRODUCTION OF DOCUMENTS
### OF PLAINTIFF, ANDREW R. PERRONG

Answering Defendant, Rex Direct Net, Inc., by and through the attorney Mark T.

Sophocles, Esquire hereby submit their Responses to Production of Documents of Plaintiff,

Andrew R. Perrong as follows:

       1      Any objection as to competency, relevancy, materiality and admissibility of

evidence, for any purpose in any subsequent proceeding(s) or the trial of this action, for any of

the answers or the subject matter thereof;

       2.     The right to object to the use of any said answers, or the subject matter thereof, in

any subsequent proceeding(s) or at the trial of this action, on any ground;

       3      The right to object on any ground at any time for a demand for further response(s)

to these or to other discovery requests, or any other discovery procedures involving or relating to

the subject matter of these discovery requests; and the right at any time to revise, correct,

supplement or clarify any of these responses.

4.      Answering Defendant's investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to and are not a waiver of Defendant's right to rely on other facts or documents at trial.

5.      By making the accompanying responses and objections to Plaintiffs request for documents, Defendant does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes these responses and objections herein without in any way implying that it considers the requests and interrogatory, and responses to the requests and interrogatory, to be relevant or material to the subject matter of this action.

6.      A response to a document request stating that objections and/or indicating that documents will be produced shall not be deemed or construed that there are, in fact, responsive documents, that Defendant performed any of the acts described in the document request, or definitions and/or instructions applicable to the document request, or that Plaintiff acquiesces in the characterization of the conduct or activities contained in the document request, or definitions and/or instructions applicable to the document request.

7.      Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

8.      Defendant will make available for inspection at Defendant's offices responsive documents. Alternatively, Defendant will produce copies of the documents.

9.      Publicly available documents including, but not limited to, newspaper clippings, court papers, and documents available on the Internet, will not be produced.

## <u>DEFENDANT REX NET DIRECT, INC.'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS</u>

1.      Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

See attached responsive documents.

2.      Please produce all documents supporting or contradicting any affirmative defense made in any answer by you to any complaint in this case.

See attached responsive documents.

3.      Please produce all documents related to Plaintiff, including, but not limited to, all documents evidencing your relationship with Plaintiff or your investigation into outbound calls made to Plaintiff.

Defendant objects to this request to the extent it requires disclosure of attorney/client and work product privileged documents, particularly as to the phrase "investigation into outbound calls made to Plaintiff.

For non-privileged documents, see attached documents.

4.      Please produce all documents relating to any failure by you, or a vendor, to abide by your policies relating to the sending of outbound calls.

Defendant objects to this request to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any documents requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Without waiving said objection, no responsive documents exist.

5.      Please produce all documents relating to the failure, alleged failure, or possible failure of your vendors to comply with any agreements, contracts, statements of work, policies or other instruction(s) related to outbound calls.

Defendant objects to this request to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any documents requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Defendant further objects to the terms "alleged failure" and "possible failure" as being vague. Defendant cannot ascertain who or what would qualify as an "alleged" or "possible" failure in order to determine if a particular document is responsive to this request.

Subject to the objection and without waiver of any basis for objecting, any responsive documents that exist are being produced herewith.

6.       Please produce all documents relating to complaints or do-not-call requests concerning outbound calls, including, but not limited to, lists or databases containing complaints about them, and information identifying the complainants.

Defendant objects to this request to the extent it is overbroad and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any documents requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Requesting "all documents relating to complaints" is overbroad and not reasonably related to any claim or defense in this matter, particularly when Plaintiff and all other persons contacted by Defendant provided prior express written consent. The request also seeks attorney/client privileged and work product privileged information. The request also seeks publicly available documents which are just as easily obtained by Plaintiff as Defendant.

Without waiving said objections, Defendant produces the initial complaint from the only other lawsuit initiated against it involving alleged violations of the TCPA.

7.       All contracts or documents representing agreements with any vendor that contacted the Plaintiff, provided the Plaintiff's information to you, or made outbound telemarketing calls.

See attached responsive documents.

8.       All communications with any vendor that contacted the Plaintiff, provided the Plaintiff's information to you, or made outbound telemarketing calls.

Defendant objects to this request as overbroad and harassing. This request could be interpreted to seek documents not related to Plaintiff. Defendant shall produce documents specifically related to Plaintiff. See attached emails.

9.       All internal communications at your company regarding any vendor that contacted the Plaintiff, provided the Plaintiff's information to you, or made outbound telemarketing calls.

Defendant objects to this request as overbroad and harassing. This request could be interpreted to seek documents not related to Plaintiff. Defendant shall produce documents specifically related to Plaintiff. See attached responsive documents.

10.     All communications with Aspen Dental or any third party, other than your counsel, about Rex Direct or the Plaintiff.

No responsive documents exist.

11.     All internal communications at your company, other than with your counsel, regarding Aspen Dental or the Plaintiff.

See attached responsive documents.

12.     Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

No responsive documents exist.

13.     Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties

No responsive documents exist.

14.     Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations thereunder and all documents necessary to construct a timeline of when each policy was in force. This request specifically includes, but is not limited to, policies related to the following:
a) compliance with the TCPA, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200;
b) obtaining or verifying prior express consent;
c) complying with E-SIGN Act, 15 U.S.C. §§ 7001 et seq.

A, B & C. Objection.  Information sought is overly broad and ambiguous.  Without waiver of any basis for objecting, Answering Defendant has integrated compliance with TCPA, by obtaining and verifying prior express consent.  Answering Defendant has TCPA compliance fully integrated into all facets of its business operations including but not limited to TCPA compliant integration requiring Trusted Form or Journaya ID on any and all accepted leads; established automated opt-out paradigm on the Answering Defendant's platform, etc.

15.     Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your vendors:
a) the date and time;
b) the caller ID;
c) any recorded message used;

d) the result;
e) identifying information for the recipient; and
f) any other information stored by the call detail records.

Defendant objects to this request to the extent it is overbroad, burdensome and harassing. Plaintiff's purported class itself is overbroad in that Defendant does not initiate a telephone call without first obtaining prior express written consent. As such, all class members provided prior express written consent to be contacted, including Plaintiff. Any documents requested relating to said class is harassing and not reasonably related to any claim or defense in this matter.

Defendant also objects to the scope of the request. Such broad and overreaching information is not needed to ascertain Plaintiff's alleged class. A sample of the requested information would be sufficient if necessary to ascertain the class alleged in Plaintiff's complaint. Requiring the full amount of data would put an undue burden on Defendant to obtain records from numerous different vendors, some of which may no longer be available to it.

As explained in Defendant's responses to interrogatories, the calls made to Plaintiff were the result of a small subset of opt-in leads (which included prior express written consents).
Defendant, without waiving the above objections, provides responsive information for this subset of opt-in leads attached in documents produced herewith.

16.     All communications with any third party concerning this litigation.

Objection. Information sought is too broad and burdensome and not reasonably calculated to lead to claims or defenses of the Parties.  Objection to the extent that information sought contains attorney-client privileged and confidential information.  Without waiver of any basis for objecting, Answering Defendant incorporates by reference as if fully adopted at length herein the Answering Defendant's responses to Plaintiff's interrogatories and document requests.

17.     To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.
See documents produced herewith.

18. For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff or putative class members visited that website.

None.

Mark T. Sophocles, Esquire
Pa. ID No: 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
**ATTORNEY FOR DEFENDANT**
**REX DIRECT NET, INC.**

00001

## CERTIFICATE OF SERVICE

I, Mark T. Sophocles, Esquire, hereby certify that the foregoing Responses to Plaintiffs Interrogatories and Production of Documents of Defendant Rex Direct Net., Inc. were electronically sent and sent via first class mail this 5th day of May, 2023 as follows:

Bower Law Associates, PLLC
Jeremy C. Jackson, Esquire
403 South Allen Street, Suite 210
State College, PA 16801
*Attorney for Plaintiff*

PARONICH LAW, P.C.
Anthony Paronich, Esquire
350 Lincoln St., Suite 2400
Hingham, MA 02043
*Pro hac vice*

BUCHANAN INGERSOLL & ROONEY PC
Matthew T. Corso (Pa. I.D. No. 73447)
Samantha L. Southall (Pa. I.D. No. 80709)
Patrick D. Doran (Pa. I.D. No. 308781)
50 South 16th Street, Suite 3200
Philadelphia, PA 19102
*Attorneys for ADMI*

By: _____

**MARK T. SOPHOCLES, ESQUIRE**
**ATTORNEY FOR DEFENDANT**
***REX DIRECT NET, INC.***

**VERIFICATION**

I, Jennine Rexon, hereby depose and state, that I am the undersigned, in the within action, and as such am authorized to make this Verification, that Defendant Rex Direct Net, Inc.'s Responses to Plaintiff's Request for Interrogatories and Request for Production of Documents are in accordance with the representations made by me, and that the same are true and correct to the best of my knowledge, information and belief; and this Verification is given pursuant to the penalties of 18 Pa C.S.A. section 4904 relating to unsworn falsification to authorities.

JENNINE REXON

00001

**MARK THOMAS SOPHOCLES, LLC**
By: Mark Thomas Sophocles, Esquire
Attorney I.D. # 74998
21 Industrial Boulevard, Suite 201
Paoli, PA  19301
Tel. (610) 651-0105
Fax (610) 651-0106

**ATTORNEY FOR DEDENDANT
REX DIRECT NET, INC.**

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION**

| | |
|---|---|
| **ANDREW R. PERRONG** | : CIVIL ACTION |
| Plaintiff, | : |
| **v.** | : NO. 22-1234 |
| | : |
| **ASPEN DENTAL MANAGEMENT, INC.,** | : |
| **REX DIRECT NET, INC.** | : |
| Defendants. | : |

---

**DEFENDANT REX DIRECT NET, INC.
RESPONSES TO REQUEST FOR INTERROGATORIES OF
CO-DEFENDANT, ASPEN DENTAL MANAGEMENT, INC.**

Answering Defendant, Rex Direct Net, Inc., by and through their attorney Mark T.

Sophocles, Esquire hereby submit Defendants, Responses to Interrogatories of Co-Defendant,

Aspen Dental Management, Inc. as follows:

a)      Any objection as to competency, relevancy, materiality and admissibility of evidence, for

any purpose in any subsequent proceeding(s) or the trial of this action, for any of the answers or

the subject matter thereof;

b)      The right to object to the use of any said answers, or the subject matter thereof, in any

subsequent proceeding(s) or at the trial of this action, on any ground;

c)      The right to object on any ground at any time for a demand for further response(s) to

these or to other discovery requests, interrogatories or any other discovery procedures involving

or relating to the subject matter of these discovery requests; and the right at any time to revise, correct, supplement or clarify any of these responses.

## GENERAL OBJECTIONS

The following objections form part of Answering Defendant answers to each interrogatory. They are set forth here to avoid the unnecessary repetition of restating them for each individual answer. For purposes of clarity, the objections may be specifically referred to by number in response to certain interrogatories. Failure to specifically incorporate an objection, however, shall not be construed as a waiver of it with respect to any interrogatory.

1.  Answering Defendant objects to the Interrogatories to the extent that they seek to impose an obligation on it greater than that provided by the Pennsylvania Rules of Civil Procedure.

2.  Answering Defendant objects to the Interrogatories to the extent that they seek information or documents protected by the attorney-client privilege, the work product doctrine, or information or documents containing the conclusions, opinions, memoranda, notes or summaries, legal research, or legal theories of its attorneys, or the mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics concerning the pending litigation. Answering Defendant also objects to the Interrogatories to the extent that they seek disclosure of confidential and/or proprietary business information. Answering Defendant further objects to the Interrogatories to the extent that they seek information or documents that are privileged or otherwise immune or protected from disclosure.

3.  Answering Defendant objects to the Interrogatories to the extent that they seek information or documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence.

4.      Answering Defendant objects to the Interrogatories to the extent that they are unduly burdensome, overly broad, vague and/or ambiguous.

5.      Answering Defendant objects to the Interrogatories to the extent that they seek to require them to identify or set forth information contained in documents that Answering Defendant will be providing or has produced.  The request that Answering Defendant set forth detailed information in connection with produced documents would impose an unreasonable burden and expense on Answering Defendant.

6.      Answering Defendant objects to the Interrogatories to the extent that they are not limited in time or not limited to the relevant time period during which the incidents that are the subject of the lawsuit occurred on the grounds that they are overly broad, unduly burdensome, and oppressive, and seek information neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence, to claims or defenses specifically at issue in this action.

7.      Answering Defendant objects to the Interrogatories as unduly burdensome and oppressive insofar as they seek information already in Co-Defendants knowledge, possession and/or control.

8.      Answering Defendant objects to the Interrogatories to the extent that they request it to speculate or provide information not in their possession, custody, or control.

9.      Answering Defendant reserves the right to supplement these responses.


### DEFENDANT REX DIRECT NET, INC.'S INTERROGATORY RESPONSES

1.      2 Phone calls March 10, 2022 and March 11, 2022; phone # 215-330-2542

2.      None

3.      None

4.      None

5.      None

6.      None

Mark Thomas Sophocles, LLC
Mark T. Sophocles, Esquire
PA ID No: 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Phn: 610-651-0105
Fax: 610-651-0106
mark@marksophocles.com
**ATTORNEY FOR DEFENDANT**
**REX DIRECT NET, INC.**

**MARK THOMAS SOPHOCLES, LLC**       **ATTORNEY FOR DEFENDANT**
By: Mark Thomas Sophocles, Esquire      **REX DIRECT NET, INC.**
**Attorney I.D. # 74998**
**21 Industrial Boulevard, Suite 201**
**Paoli, PA  19301**
**Tel. (610) 651-0105**
**Fax (610) 651-0106**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW R. PERRONG** | : CIVIL ACTION |
| **Plaintiff,** | : |
| **v.** | : NO. 22-1234 |
| | : |
| **ASPEN DENTAL MANAGEMENT, INC.,** | : |
| **REX DIRECT NET, INC.** | : |
| **Defendants.** | : |

---

### DEFENDANT, REX DENTAL NET, INC.
### RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS OF
### CO-DEFENDANT, ASPEN DENTAL MANAGEMENT, INC.

Answering Defendant, Rex Direct Net, Inc., by and through the attorney Mark T.

Sophocles, Esquire Response to Production of Documents of Co-Defendant, Aspen Dental

Management, Inc. as follows:

     A.    Defendant objects to each Request and part thereof to the extent it is asserted that

the definitions of words are binding on Plaintiffs or purport to impose upon Plaintiffs obligations

beyond those imposed by the Federal Rules of Civil Procedure.

     B.    Defendant objects to each Request and part thereof to the extent such calls for

answers disclosing information protected by the attorney/client privilege and/or the work-product

doctrine.

     C.    Defendant objects to each Request and part thereof to the extent that information

sought is neither relevant to the subject matter of the pending action nor reasonably calculated to

lead to the discovery of admissible evidence as it relates to the Plaintiffs.

D.      Defendant objects to each Request and part thereof to the extent that they seek information not within the possession, custody or control of Plaintiffs.

E.      Defendant objects to each Request and part thereof to the extent that they seek to require answers or impose other obligations beyond those permitted by the applicable Rules of Civil Procedure.

F.      Defendant objects to these Requests to the extent that they are overly broad, unduly burdensome, vague and/or ambiguous and/or are not sufficiently limited in time.

G.      Defendant objects to this discovery insofar as it seeks to contravene the Federal Rules of Civil Procedure and any controlling Case Management Orders.

H.      Defendant's General Objections are hereby incorporated by reference, as if fully set forth herein at length, into each of the following answers below.

## PRODUCTION OF DOCUMENT RESPONSES

1.      Answering Defendant produces documents attached hereto.

2.      Answering Defendant produces documents attached hereto

3.      Answering Defendant produces documents attached hereto

4.      Answering Defendant produces documents attached hereto. Answering Defendant continues to investigate additional information and reserve every right to supplement these responses accordingly.

Mark Thomas Sophocles, LLC
Mark T. Sophocles, Esquire
Pa. ID No: 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Phn: 610-651-0105
Fax: 610-651-0106
mark@marksophocles.com

**MARK THOMAS SOPHOCLES, LLC**
**By: Mark Thomas Sophocles, Esquire**
**Attorney I.D. # 74998**
**21 Industrial Boulevard, Suite 201**
**Paoli, PA  19301**
**Tel. (610) 651-0105**
**Fax (610) 651-0106**

**ATTORNEY FOR DEFENDANT**
**REX DIRECT NET, INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL DIVISION

| | |
|---|---|
| **ANDREW R. PERRONG** | : |
| **Plaintiff,** | : |
| **v.** | : NO. 22-1234 |
| | : |
| **ASPEN DENTAL MANAGEMENT, INC.,** | : |
| **REX DIRECT NET, INC.** | : |
| **Defendants.** | : |

## DEFENDANT, REX DIRECT NET, INC.
## RESPONSE TO REQUEST FOR ADMISSIONS OF
## CO-DEFENDANT, ASPEN DENTAL MANAGEMENT, INC.

Defendant Rex Direct Net, Inc. by and through their attorney of record, Mark T.

Sophocles, Esquire hereby makes the following Response to Co-Defendants Request for

Admissions as set forth:

### RESPONSES TO CO-DEFENDANT ADMI'S REQUESTS FOR ADMISSIONS

Answering Defendant ADMITS all of the Admission Requests.

Mark Thomas Sophocles, LLC
Mark T. Sophocles, Esquire
Pa. ID No: 74998
21 Industrial Blvd., Suite 201
Paoli, PA 19301
Phn: 610-651-0105
Fax; 610-651-0106
mark@marksophocles.com

00001

## <u>CERTIFICATE OF SERVICE</u>

I, Mark T. Sophocles, Esquire, hereby certify that the foregoing Responses to Co-Defendant ADMI;s Requests for Admissions, Interrogatories and Production of Documents of Defendant Rex Direct Net., Inc. were electronically sent and sent via first class mail this 5th day of May, 2023 as follows:

Bower Law Associates, PLLC
Jeremy C. Jackson, Esquire
403 South Allen Street, Suite 210
State College, PA 16801
*Attorney for Plaintiff*

PARONICH LAW, P.C.
Anthony Paronich, Esquire
350 Lincoln St., Suite 2400
Hingham, MA 02043
*Pro hac vice*

BUCHANAN INGERSOLL & ROONEY PC
Matthew T. Corso (Pa. I.D. No. 73447)
Samantha L. Southall (Pa. I.D. No. 80709)
Patrick D. Doran (Pa. I.D. No. 308781)
50 South 16th Street, Suite 3200
Philadelphia, PA 19102
*Attorneys for ADMI*

By: _____

**MARK T. SOPHOCLES, ESQUIRE**
**ATTORNEY FOR DEFENDANT**
***REX DIRECT NET, INC.***

## VERIFICATION

I, Jennine Rexon, hereby depose and state, that I am the undersigned, in the within action, and as such am authorized to make this Verification, that Defendants Responses to Co-Defendant Aspen Dental's Request for Interrogatories, Request for Production of Documents and Request for Admissions are in accordance with the representations made by me, and that the same are true and correct to the best of my knowledge, information and belief; and this Verification is given pursuant to the penalties of 18 Pa C.S.A. section 4904 relating to unsworn falsification to authorities.

JENNINE REXON